UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LARRY MARQUEZ,<br><br>　　　　　　　　　　Defendant. | Case No.: 19cr3781 WQH<br><br>**ORDER** |

HAYES, Judge,

The matter before the Court is the "Motion to Dismiss for Failure to Comply with Demand for Trial (Penal Code section 1381)" ("Motion," ECF No. 45), which was filed on July 26, 2022, by Defendant Larry Marquez proceeding pro se. The Court liberally construes the Motion as a request for early termination of supervised release. *See id*. at 2 (referencing a "Declaration of Termination of Federal Probation").

On November 5, 2019, Defendant pled guilty to one count of bringing in aliens without presentation, 8 U.S.C. § 1324(a)(2)(B)(iii). (ECF No. 31.)

On February 10, 2020, the Court sentenced Defendant to eighteen (18) months in prison, to be followed by a three-year term of supervised release. (ECF No. 39.) That custodial term represented the low end of the applicable Guidelines range.

On approximately December 31, 2020, Defendant commenced his three-year term of supervised release.

1

On October 26, 2021, the Orange County District Attorney filed an eight-count complaint against Defendant charging him with multiple felony counts of second-degree robbery and carjacking, and multiple misdemeanor counts of unlawful possession of a controlled substance. (ECF No. 48, Ex. B.)

On December 11, 2021, this Court ordered that a bench warrant be issued pursuant to a Petition issued by United States Probation related to the Orange County case. (ECF No. 42.)

On July 26, 2022, while he was in detention at the Orange County Jail, Defendant filed the Motion with this Court, apparently moving for the early termination of supervised release in the above-styled federal case. (ECF No. 45.)

On August 10, 2022, Defendant pled guilty to three of the state charges: Count 2—second-degree robbery, Cal. Penal Code §§ 211/212.5(c) (felony); Count 4—buying or receipt of stolen vehicle or equipment, Cal. Penal Code § 496d(a) (felony); and Count 5—unlawful possession of methamphetamine, Cal. Health & Safety Code § 11377(a) (misdemeanor). (ECF No. 48, Ex. C.) The same day, Defendant received concurrent two-year state prison sentences for the two felony convictions and a suspended sentence for the misdemeanor drug offense. *Id*.

On August 23, 2022, Plaintiff United States of America filed an opposition to the Motion, contending that early termination of supervised release is not appropriate. (ECF No. 48.)

On September 8, 2022, this Court ordered that the December 2021 Order to Show Cause be amended to include additional allegations by United States Probation of criminal conduct by Defendant on March 16, 2022 and April 8, 2022. (ECF No. 50.) Specifically, on August 10, 2022, Defendant pled guilty to misdemeanor charges of possession of heroin and receiving of stolen property. *Id*. at 3.

### RULING OF THE COURT

Section 3583(e) provides in relevant part:

The court may, after considering the factors set forth in section 3553(a)(1),

>(a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)— …
>terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice….

18 U.S.C. §3583(e)(1). Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(B)-(D).  The Court must also consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1); *see also* 18 U.S.C. § 3553(a)(4)-(7) (stating that a court must consider "the kinds of sentence and the sentencing range established for … the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines"; "any pertinent policy statement … issued by the Sentencing Commission"; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense").

In *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022), the court explained:

>'The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e).' Section 3583(e)(1) 'provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. The expansive phrases "conduct of the defendant" and "interest of justice" make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.'

*Id*. (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). The defendant

bears the burden of demonstrating that early termination of supervised release is justified. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

At the time of the sentencing, this Court made an "individualized assessment" of all relevant factors based upon the facts presented. *Gall v. United States*, 552 U.S. 38, 39 (2007). The Court examined the nature and circumstances of the offense and the history and characteristics of the Defendant. The Court concluded at the time of sentencing that eighteen months in prison and three years of supervised release was the minimum sentence to satisfy the sentencing factors under 18 U.S.C. §3553(a) based upon the seriousness of the offense and the nature and characteristics of the Defendant.

In the Motion, Defendant offers no basis for the Court to find that early termination would be in the interest of justice in this case. As described above, Defendant has been convicted of two felonies and at least three misdemeanors committed while he was serving his term of supervised release. Defendant's continued criminal behavior highlights why continued supervised release is appropriate in this case. *See* 18 U.S.C. §3553(a)(2)(B) & (C) (stating that a sentence should "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant"). The Court has considered Defendant's request for early termination of supervised release and finds that there are no facts to support the termination of Defendant's supervised release at this time. The Court finds that the sentencing factors under 18 U.S.C. §3553(a) continue to support the completion of the three-year term of supervised release.

IT IS HEREBY ORDERED that the Motion (ECF No. 45) is denied.

Dated: September 21, 2022

Hon. William Q. Hayes
United States District Court